**FEDERAL DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ARIEL BERNARD, DEAN J. SCHEMANSKI, THOM M. GRAY, AND JALONNE RICE individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> Strategic Delivery Solutions, LLC. <br> Defendant. | No. _____ |

**CLASS ACTION COMPLAINT**

1.  Plaintiffs Ariel Bernard, Thom M. Gray, Jalonne Rice, and Dean J. Schemanski, through their undersigned counsel, individually and on behalf of all persons similarly situated, file this Class Action Complaint against Defendant Strategic Delivery Solutions, Inc. ("SDS") seeking all available relief under the New Jersey Wage Payment Law, N.J. Stat. § 34:11-4.1, *et seq.* ("NJWPL") and the New Jersey Wage and Hour Law, N.J. Stat. § 34:11-56a, *et seq.* ("NJWHL"). Plaintiffs Bernard, Gray, and Schemanski also bring individual claims under the federal Fair Labor Standards Act ("FLSA") because Plaintiffs are "employees" of SDS as that term is defined in the FLSA and have been denied overtime and minimum wage due under the FLSA.

2.  SDS has misclassified Plaintiffs and all other courtier drivers in New Jersey as independent contractors, and as a result, Plaintiffs and the class that they seek to represent have suffered improper deductions from their pay, have been denied overtime pay, and have not been paid the full statutory minimum wage for all hours worked.

1

3. On September 26, 2022, all Plaintiffs filed Arbitration Demands with the American Arbitration Association to assert their respective wage claims in arbitration, as SDS has contended in prior litigation that all drivers signed an agreement to arbitrate their claims.

4. After repeated attempts by the American Arbitration Association to obtain the filing fees from SDS, the American Arbitration Association informed the parties on November 28, 2022 that "The Respondent [SDS] has failed to submit the previously requested filing fee; accordingly, we have administratively closed our file…."

5. Unable to proceed with their claims in Arbitration, the Plaintiffs have filed claims in Court.

## THE PARTIES

6. Plaintiff Ariel Bernard is an adult resident of Blackwood, New Jersey. He worked performing courier services for SDS in New Jersey from approximately July 2018 to December 2021.

7. Plaintiff Dean J Schemanski is an adult resident of Cherry Hill, New Jersey. He worked performing courier services for SDS in New Jersey from approximately 2015 to 2020.

8. Plaintiff Thom M. Gray is an adult resident of Berlin, New Jersey. He worked performing courier services for SDS in New Jersey from approximately 2016 to November 2019.

9. Plaintiff Jalonne Rice is an adult resident of New Brunswick, New Jersey. He worked performing courier services for SDS in New Jersey from approximately mid-2018 to May 2019.

10. Plaintiffs bring this action on their own behalf as well as on behalf of a class of similarly situated individuals, including all other persons who have worked for SDS as courier drivers in the State of New Jersey at any time during the applicable limitations period and who have been classified as independent contractors.

11. Defendant SDS is a limited liability corporation organized and existing under the laws of New York.

12. Upon information and belief, SDS's gross revenue each year exceeds $500,000.

13. At all times relevant to this action, Defendant has actively and continuously conducted business throughout the State of New Jersey, employing contractor-drivers such as Plaintiffs and the members of the proposed Class in New Jersey.

## JURISDICTION AND VENUE

14. This Court has federal question jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 as the Plaintiffs have brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, 216(b).

15. This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 as they are so related to their FLSA claims that they form part of the same case or controversy.

16. Alternatively, the Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because SDS is a citizen of New York (although it conducts substantial business in New Jersey), numerous class members are citizens of the

State of New Jersey; and based on information and belief, without the benefit of discovery, the amount in controversy exceeds $5,000,000.

17. Venue is proper under 28 U.S.C. §1391 because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred. Plaintiffs made a number of deliveries throughout the State of New Jersey.

## FACTS

18. Defendant operates a same-day delivery service of medical prescriptions and other pharmaceutical products. During the proposed class period, Defendant employed hundreds of delivery drivers in New Jersey who performed this work.

19. Plaintiffs and other drivers pick-up and deliver products from various warehouse locations in New Jersey and delivery them to healthcare facilities in New Jersey, and often out-of-state. Drivers also frequently return items from the healthcare facilities to the warehouses.

20. Defendant classifies Plaintiffs and all drivers who perform deliveries for the company as independent contractors, when in reality, they are employees of Defendant.

21. In order to work for SDS, Plaintiffs and Class Members are required to provide their own vehicles.

22. While SDS classified Plaintiff and Class Members as "independent contractors," the nature of the services that Plaintiff and Class Members perform and the manner in which they perform these services make it clear that they are actually employees under New Jersey's "ABC" employment test as well as the economic realities test of the FLSA.

23. For example, SDS requires that the Drivers' services be performed according to certain standards; SDS requires drivers to obtain certain insurance coverage with SDS as an additional insured; and SDS retains the right to terminate the drivers for unsatisfactory performance.

24. SDS employs managers who have supervisory responsibilities over Plaintiff and Class Members and who can assign and direct their work.

25. Plaintiffs and Class Members are required to perform the deliveries within certain assigned timelines each day. For example, SDS advertises on its website that there are open delivery driver positions described as having a "Scheduled Route – Weekday 5:30pm start time."

26. SDS requires Plaintiffs and Class Members to keep a record of all deliveries and SDS tracks the details of each delivery in its computer system.

27. All Class Members signed a contract when they began working for SDS that outlined these various requirements.

28. SDS directly negotiates all prices for Plaintiffs' and Class Members' delivery services with the pharmacies and healthcare companies and Plaintiffs and Class Members have no control over the amount charged for their services.

29. The work performed by Plaintiffs is an integral part of SDS's business because SDS is in the business of providing prescription drug delivery services and Plaintiffs literally performed these exact services, so that without Plaintiffs and other delivery drivers, SDS would have no business at all. For this same reason, Plaintiffs and Class Members performed their work within SDS's usual course of business.

30. Plaintiffs' and Class Members' duties do not involve managerial or entrepreneurial skill that affects their opportunity for profit or loss. Plaintiffs performs jobs as assigned by SDS.

31. Plaintiffs and Class Members do not make any significant investments in their work relative to the substantial investment of SDS.

32. Plaintiffs and Class Members do not operate independently established businesses.

33. Plaintiffs and Class Members are usually paid at a flat rate per route or per delivery job. The amount is determined by SDS.

34. Plaintiffs and Class Members were required to pay out-of-pocket for work-related expenses such as gasoline, tolls, oil changes, and general vehicle maintenance, which are essential to SDS's business.

35. As such, SDS shifted its own operating expenses onto Plaintiffs.

36. Defendant never reimbursed Plaintiffs or similarly situated deliver drivers for these work-related expenses.

37. Drivers, including Plaintiffs, frequently are not paid for all hours worked at an hourly rate at or in excess of the minimum wage rates established by state and federal law.

38. In many weeks, drivers have earned less than the federal and state minimum wage because their unreimbursed work expenses lower their wages below the statutory minimum.

39. SDS has also relied on the independent contractor label to avoid paying overtime compensation of one-and-one-half times drivers' regular rate of pay for hours

worked greater than forty (40) hours in a work week and have also failed to reimburse the work-related expenses of Plaintiff and similarly situated delivery drivers.

40. Plaintiffs Rice, Bernard, and Schemanski regularly worked more than forty hours per week to meet delivery requirements.

41. Defendant never paid any Drivers an overtime premium for hours worked above 40 hours in a given week.

42. Defendant also regularly made improper deductions from Plaintiffs' pay These significant deductions from their paychecks further reduced Plaintiffs' payrate below the applicable statutory minimum.

## **CLASS ACTION ALLEGATIONS**

43. Plaintiffs bring this class action on behalf of themselves and a class defined as:

> All individuals who were classified as independent contractors while performing courier services on behalf of Strategic Delivery Solutions, LLC ("SDS") in the State of New Jersey during the applicable time period.

44. Plaintiffs and other class members have uniformly been misclassified as independent contractors.

45. Upon information and belief, the number of members of the proposed Class exceeds 100 individuals during the Class Period.

46. The Class is so numerous that their individual joinder into a single action is impracticable. Although the exact number of Class Members cannot be properly determined without further discovery, the number and identity of the Class Members can easily be ascertained from Defendant's records.

47. Based on the allegations above, there are questions of law and fact that affect and are common to all Class Members. The central questions of law and fact involved in this action are of a common or general interest.

48. Common legal and factual issues predominate over any questions affecting only individual members of the Class.

49. The claims of the named representative Plaintiffs are typical of the claims of other members of the proposed class. The named Plaintiffs performed the same work and seek the same categories of damages as all putative class members.

50. The proposed Class Representatives have an incentive and are committed to vigorously prosecuting this action because they have actually suffered losses as a result of Defendant's actions.

51. Plaintiffs have retained qualified counsel, experienced in class action practice to represent them in this matter.

52. A class action is the superior method available for the fair and efficient adjudication of this controversy. Because the damages suffered by individual Class Members may be relatively small, in comparison with the expense and burden of individual litigation makes it impracticable for members of the Class to seek redress individually for the wrongful conduct herein alleged.

53. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the court. The prosecution of separate actions would also create the risk of inconsistent rulings, which may be dispositive of the interest of Class Members who are not parties to the adjudication and/or may substantially impede Class Members' ability to

protect their interests, and therefore would be contrary to the interest of justice and equity.

## COUNT I

### Class Claims for Violation of the New Jersey Wage Payment Law ("NJWPL"), N.J. Stat. § 34:11-4.2 and § 34:11-4.4)

54. All previous paragraphs are incorporated as though fully set forth herein.

55. As employees, Plaintiffs are entitled to the protections of the NJWPL.

56. The NJWPL requires that Plaintiff and Class Members receive all wages owed. See N.J. Stat. § 34:11-4.2.

57. The NJWPL generally prohibits employers, such as SDS, from making deductions or withholdings from the wages of Plaintiff and Class Members except for those deductions or withholdings permitted therein. See N.J. Stat. § 34:11-4.4.

58. SDS violated the NJWPL by failing to pay Plaintiff and Class Members all of their wages due, and subjecting them to wage deductions and withholdings that are not specifically permitted by the NJWPL.

59. Plaintiff and Class Members are entitled to damages in an amount to be proven at trial.

## COUNT II

### Class Claims for Violation of Overtime Provisions of New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. § 34:11-56a4

60. All previous paragraphs are incorporated as though fully set forth herein.

61. As employees, Plaintiffs are entitled to the protections of the NJWHL.

62. SDS is an employer covered by the NJWHL.

63. The NJWHL provides that employees who work more than forty hours in a workweek shall receive "1 ½ times such employee's regularly hourly wage for each hour of working time in excess of 40 hours in any week." N.J. Stat. § 34:11-56a4.

64. Plaintiffs Rice, Bernard, and Schemanski as well as other Class Members routinely worked in excess of forty hours per week without receiving any overtime compensation.

65. SDS also fails to accurately track all of the hours that Plaintiff and Class Members work.

66. SDS violated N.J. Stat. § 34:11-56a4 by failing to pay Plaintiffs and Class Members overtime premium compensation in various workweeks.

## COUNT III

## Class Claims for Violations of Minimum Wage Requirements of New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. § 34:11-56a

67. All previous paragraphs are incorporated as though fully set forth herein.

68. As employees, Plaintiffs are entitled to the protections of the NJWHL.

69. SDS is an employer covered by the NJWHL.

70. The NJWHL provides that employees shall pay to each of its employees a minimum hourly rate, which has varied from year-to-year. N.J. Stat. § 34:11-56a4(a).

71. SDS failed to compensate Plaintiffs and Class Members at the full rate required by the NJWHL particularly due to the substantial deductions taken from Class Members' pay as well as SDS's failure to reimburse Plaintiffs and Class Members for all work related expenses.

## COUNT IV

### Individual Claims for Failure to Pay Minimum Wage in Violation of the FLSA

72. All previous paragraphs are incorporated as though fully set forth herein.

73. As employees, Plaintiffs are entitled to the protections of the FLSA.

74. The FLSA requires employers such as SDS to pay the statutory minimum wage for all hours worked.

75. SDS willfully violated the minimum wage requirements of the FLSA because after accounting for the expenses they the employees paid that were necessary to perform their job Plaintiffs earned less than the statutory minimum wage.

76. This claim is brought by Plaintiffs Schemanski, Gray, and Bernard under 29 U.S.C. §216(b).

## COUNT V

### Individual Overtime Claims under the FLSA

77. All previous paragraphs are incorporated as though fully set forth herein.

78. As employees, Plaintiffs are entitled to the protections of the FLSA.

79. The FLSA requires SDS to pay an overtime premium of time-and-a-half Plaintiffs' regular hourly rate for all hours worked over forty per workweek. See 29 U.S.C. §207(a)(1).

80. Plaintiffs Bernard and Schemanski routinely worked more than forty hours per week and they were not paid any overtime premium as required by the FLSA.

81. This claim is brought by Plaintiffs Schemanski and Bernard under 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter the following relief:

a. Certify a class pursuant to Rule 23 appoint Plaintiffs and their counsel to represent a class of SDS delivery drivers who have worked in New Jersey;

b. Award compensatory damages, including all expenses and wages owed, including unpaid minimum wage, overtime, and unlawful wage deductions;

c. Award all costs and attorney's fees incurred prosecuting these claims;

d. Award liquidated damages;

e. Award interest and costs;

f. Such other relief as the Court may deem just and appropriate.

December 19, 2022     Respectfully submitted,

ARIEL BERNARD, DEAN J. SCHEMANSKI, THOM M. GRAY, AND JALONNE RICE individually and on behalf of all others similarly situated,


/s/ Zachary L. Rubin
Zachary L. Rubin, NJ Bar No. 179052015
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
zrubin@llrlaw.com

Harold L. Lichten, pro hac vice anticipated
Matthew W. Thomson, pro hac vice anticipated
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
hlichten@llrlaw.com
mthomson@llrlaw.com