UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**CHRISTINE P. O'HEARN**<br>UNITED STATES DISTRICT JUDGE | MITCHELL H. COHEN BUILDING &<br>U.S. COURTHOUSE<br>4TH & COOPER STREETS<br>ROOM 6050<br>CAMDEN, NJ 08101<br>856-757-5167 |

January 27, 2025

**VIA CM/ECF**
Zachary Levy Rubin
SEPPINNI LAW
40 Broad Street, 7th Floor
New York, NY 10004

Krysten Leigh Connon
LICHTEN & LISS-RIORDAN
729 Boylston Street, No. 2000
Boston, MA 02116

    *On behalf of Plaintiffs.*

David F. Jasinski
JASINSKI, P.C.
2 Hance Avenue, 3rd Floor
Tinton Falls, NJ 07724

Erin Leigh Henderson
JASINSKI, P.C.
60 Park Place, 8th Floor
Newark, NJ 07102

    *On behalf of Defendant.*

## LETTER ORDER

    **Re:**    *Bernard et al v. Strategic Delivery Solutions, LLC*
                  Civil Action No. 22-07396

Dear Counsel:

    This matter comes before the Court on a Motion to Transfer Case to Southern District of New York ("Motion") by all Plaintiffs. (ECF No. 89). Defendant Strategic Delivery Solutions, LLC filed opposition on August 20, 2024, (ECF No. 98), to which Plaintiffs replied on August 27, 2024. (ECF No. 101). The Court did not hear oral argument pursuant to Local Civil Rule 78.1. For the reasons that follow, Plaintiffs' Motion is **GRANTED**.

I.  **Background**

Plaintiffs are a group of delivery drivers in Maryland, Pennsylvania, Connecticut, New York, and New Jersey who delivered pharmaceutical products for Defendant. (Compl., ECF No. 29 at ¶¶ 6–30). Plaintiffs allege that Defendant improperly classified them, along with other similarly situated individuals, as independent contractors rather than employees, depriving them of statutory protections such as overtime pay and other benefits. (*Id.* at ¶¶ 40–62). Plaintiffs bring individual and class action claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, as well as state labor laws. (*Id.* at ¶¶ 76–159).

Plaintiffs initiated this action in this Court on December 19, 2022, and later amended their Complaint on June 23, 2023. (ECF Nos. 1, 29). On July 26, 2024, Plaintiffs filed the instant Motion to transfer the case to the Southern District of New York ("SDNY") under 28 U.S.C. § 1404(a), citing significant overlap with a first-filed case in that district, *Zambrano v. Strategic Delivery Solutions, LLC*, No. 15-8410 (S.D.N.Y.) (ECF No. 89).

The *Zambrano* case, which was initially filed in 2015, involves over 700 delivery drivers asserting similar claims against Defendant, including challenges to their classification as independent contractors and related wage disputes under state law. (*Zambrano* Compl., ECF No. 89-1). On March 15, 2024, the *Zambrano* plaintiffs filed an application to amend their complaint to add New Jersey state law wage claims on behalf of 318 New Jersey drivers. *Zambrano v. Strategic Delivery Solutions, LLC*, No. 15-8410 (S.D.N.Y.), ECF No. 256). That motion was granted on January 16, 2025.[1] (*Id.*, ECF No. 271).

Plaintiffs argue that the substantial overlap between the two cases, including overlapping parties, legal issues, and discovery topics, warrants transfer to SDNY as the venue where the action was first-filed to streamline litigation and avoid inconsistent rulings. (ECF No. 89). Defendant opposes the transfer, arguing that the first-filed rule does not apply where the movant is engaged in forum shopping. (ECF No. 98).

II. **Legal Standard**

When parallel proceedings are pending in different federal courts, the "first-filed" rule generally gives priority to the court where jurisdiction was first established. *FMC Corp. v. AMVAC Chem. Corp.*, 379 F. Supp. 2d 733, 737 (E.D. Pa. 2005). The cases need not be identical to qualify as parallel. Rather, a substantial overlap is sufficient. *Inter City Retread, Inc. v. Michelin Retread Techs., Inc.*, No. 14-1564, 2014 WL 12621593, at *2 (D.N.J. Apr. 4, 2014). In assessing overlap, courts focus on shared subject matter, which "is more important than the absolute identity of the parties." *Phoenix Ins. Co. Ltd. v. Teva Pharm. Industries Ltd.*, 381 F. Supp. 3d 416, 421 (E.D. Pa.

---

[1] On October 8, 2024, this Court administratively terminated the Motion to Transfer based on the fact that it could not analyze whether there was substantial overlap between this case and the *Zambrano* litigation until the then pending Motion for Leave to File Second Amended Complaint was decided. (ECF No. 111).

2019). Substantial overlap exists when common theories of liability are alleged against the same defendant, even if the specific claims differ. *Id.* at 422. Where such overlap exists, transfer is generally favored absent compelling circumstances, as it prevents inconsistent rulings and duplication of judicial resources. *Id.*; *see also Cedars—Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997) ("[W]hen cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy.") (citations omitted). However, courts may nevertheless retain jurisdiction of a later-filed action in "rare or extraordinary circumstances" or where there is "inequitable conduct, bad faith, or forum shopping." *Phoenix Ins. Co.*, 381 F. Supp. 3d at 420 (quoting *EEOC v. Univ. of Pa.*, 850 F.2d 969, 976 (3d Cir. 1988)).

### III.  Discussion

Here, Plaintiffs assert claims in this District under the FLSA and the wage-and-hour laws of New Jersey, Pennsylvania, Connecticut, New York, and Maryland. (Compl., ECF No. 29). Similarly, the plaintiffs in the *Zambrano* action assert claims under the FLSA and the wage-and-hour laws of New Jersey and New York. (*Zambrano* Compl., ECF No. 89-1). Both actions allege that Defendant misclassified delivery drivers performing similar services as independent contractors. (Compl., ECF No. 29; *Zambrano* Compl., ECF No. 89-1). There is clearly substantial overlap in the subject matter and theories of liability in the two cases such that resolution of issues in one forum would significantly impact the parallel claims. This, coupled with the efficiencies gained by litigating overlapping claims in a single jurisdiction, strongly supports transferring this case to SDNY. Accordingly, the Court finds that the proceedings in the two fora are parallel and that the *Zambrano* action, which was filed nearly a decade ago, takes primacy.

Notably, Defendant does not dispute that *Zambrano* was first-filed or that there is substantial overlap between the two cases. Rather, Defendant primarily argues that the first-filed rule does not apply where a movant is engaged in forum shopping. However, aside from citing Plaintiffs' prior arguments—which were based on a different procedural context[2]—and making unsupported allegations of bad faith, forum shopping, and gamesmanship,[3] Defendant offers no substantive reason why Plaintiffs' Motion should not be granted. Accordingly, the Court finds that

---

[2] Defendant specifically references Plaintiffs' March 11, 2024 filing, in which Plaintiffs argued that venue in the District of New Jersey was proper and that the case should not be transferred. (Def.'s Opp., ECF No. 98 at 8–10). However, Defendant's argument fails to account for the fact that, at the time of that filing, the *Zambrano* plaintiffs had not yet moved to amend their complaint to add additional named plaintiffs asserting New Jersey state law claims. In addition, the filing was made in response to the Court's inquiry as to the propriety of jurisdiction and venue in this case in light of *Zambrano*. The circumstances surrounding the relationship between the two cases have since materially changed.

[3] Defendant primarily relies on circumstantial evidence that Plaintiffs only filed their Motion to Transfer after this Court denied their Motion to Certify. (Def.'s Opp., ECF No 98 at 16–17). However, this ignores that the Motion to Certify was denied without prejudice. (ECF No. 82). Indeed, a second Motion to Certify was filed and remains pending. (ECF Nos. 96–97).

transfer is appropriate under the first-filed rule and will transfer the case to SDNY.

### IV.     Conclusion

For the foregoing reasons, Plaintiffs' Motion to Transfer Case to Southern District of New York, (ECF No. 89), is **GRANTED**.

It is hereby **ORDERED** that the Clerk of the Court shall transfer this action to the U.S. District Court for the Southern District of New York; and

It is further **ORDERED** that the Clerk shall administratively terminate the pending motions, (ECF Nos. 96–97) subject to reopening at the discretion of the Southern District of New York; and

It is finally **ORDERED** that the Clerk shall close this matter.

**SO ORDERED**.

*Christine P. O'Hearn*
**CHRISTINE P. O'HEARN**
**UNITED STATES DISTRICT JUDGE**